## LUGIE BEAROR'S CASE

Kennebec.　　Opinion, August 26, 1937.

*Robinson & Richardson,* for appellant.
*James Boyle,* for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.　This is an appeal from a decree affirming an order of the Industrial Accident Commission awarding compensation to the claimant.

The claimant was employed as a mule fixer in a woolen mill of the American Woolen Company. He claims to be entitled to compensation by reason of an injury which arose out of and in the course of his employment. It appears that in his work in repairing machinery, he handled tools such as wrenches and from time to time received bruises and abrasions on his hands. The commissioner has found that he was incapacitated by reason of a skin infection caused by oil, grease and dirt coming in contact with such an abrasion on one of his hands.

The insurance carrier claims that there is nothing in the evidence to show an accident arising out of and in the course of the employment, that this was in effect an occupational disease, and that there was not sufficient evidence of notice to the employer.

The defense to the claim seems to be based on the theory that because the employee is unable to tell with exactness just when the particular bruise or abrasion was suffered, that because such slight injuries were received almost daily, that because the injury in question was dismissed by him when received as trifling, it was therefore a mere incident of his employment and not an accident as that term is generally understood.

There was sufficient evidence to warrant the commissioner in finding that the dermatitis from which the employee suffered was caused by the entry of bacteria through an abrasion on his hand. Such was the opinion of Dr. Towne. That the abrasion itself was of such small consequence that he can not remember the exact time when it was received is unimportant, if the evidence shows a causal connection between an abrasion and an infection received in the course of his work.

The case of *Brintons, Limited* v. *Turvey*, A. C., 1905, 230, is cited with approval in *Brodin's Case*, 124 Me., 162, 167, 126 A., 829. The facts in this English case are important and singularly like those in the present case. An employee died of anthrax, the germ of which was carried in wool which in the course of his employment he was sorting. According to the medical testimony such infection ordinarily enters through some abrasion in the skin. The court found that the focal point was a spot in the corner of the eye. The important feature of the case is that it was the entry of the germ into the system which was regarded as the accident. Lord Macnaghten in his opinion says, page 234: "The accidental character of the injury is not, I think, removed or displaced by the fact that, like many other accidental injuries, it set up a well-known disease, which was immediately the cause of death, and would no doubt be certified as such in the usual death certificate." So in the case before us it was the entry of a germ through an abrasion on a man's hand, which abrasion was itself suffered in the course of his employ-

ment, that caused his incapacity. That germ was carried in the oily wool or waste which the employee had occasion to handle.

In *Brodin's Case*, supra, the claimant contracted typhoid fever from drinking contaminated water furnished by his employer. This was held to be a personal injury by accident arising out of and in the course of the employment and accordingly compensable.

It is hard to see any distinction between the entry of typhoid bacteria through the mouth as in *Brodin's Case*, of the bacillus of anthrax as in *Brintons, Limited* v. *Turvey*, or of the particular germ as in the case before us through a break in the skin.

The same distinction which the court points out in *Brodin's Case*, supra, page 168, between the sudden onset of an infection, which is held to be a compensable injury, and an occupational disease is applicable to the case now before us.

The employer's contention that it had not received the notice of the injury required by the statute can not be sustained. There was evidence to justify the commissioner's finding that the employer had sufficient knowledge of the injury.

> *Appeal dismissed.*
> *Decree affirmed.*
> *Counsel fees and costs to*
> *be allowed appellee to be*
> *fixed by the court below.*